UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY LOCKHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-2248 |
| | ) |
| GREENFIELD BANKING COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Jeffrey Lockhart ("Plaintiff" or "Lockhart"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Greenfield Banking Company ("Defendant"), pursuant to by Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, as amended ("ADA", 42 U.S.C. § 12101 *et seq.*), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

**PARTIES**

2. At all times relevant, Plaintiff has resided in the City of Noblesville, State of Indiana.

3. Defendant, Greenfield Banking Company, is a company that maintains facilities and conducts business within the geographical boundaries of the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, § 1343, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1988, 42 U.S.C. § 12117.

5. At all times relevant, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b) and 42 U.S.C. § 12111(5).

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

## FACTUAL ALLEGATIONS

8. Defendant, Greenfield Banking Company, hired Plaintiff, Jeffrey Lockhart, on or about April 1, 2018, in the position of "Vice President- Commercial Lending."

9. Lockhart is (60) years old and has a disability (hearing loss) which places him within the protected classes of both the Age Discrimination in Employment Act ("ADEA") and the Americans with Disability Act ("ADA").

10. Throughout his employment with Defendant, Lockhart was subjected to a hostile environment based on his age and/or disability.

11. On multiple occasions, Lockhart was the subject of various age-related and derogatory comments made by his supervisors, Brian Miller and Mike Graft, and directed to Lockhart both privately, and in front of other bank co-workers. Some of these comments included: referring to Lockhart as the "Old man" of the commercial lending group; stating: "I am not sure how you used to do it back in your earlier days, but we don't do it that way anymore;" and "Lender Liability may not have been as hot of a topic back when you were lending before, however, it is much more of an issue these days."

12. These above comments, along with others that were made, exemplified Miller and

Graft's incorrect belief that, because of his age, Lockhart was not able to adequately perform the essential functions of his job (despite a complete lack of evidence to support such a belief).

13. Lockhart was subjected to different terms and conditions of employment than similarly situated female, younger and/or non-disabled employees. By way of non-exclusive examples: 1) Female "Christie Smith" was paid significantly more money than Lockhart to perform the same job duties even though Lockhart was more experienced and regularly outperformed Smith; 2) Likewise, "Andrew Hampton," the individual hired by Defendant to replace Lockhart, is (20-25) years younger than Lockhart, less qualified than Lockhart, and was further bound by a prior non-compete agreement that would seemingly render him unfit to fill the position.

14. Lockhart was also issued unwarranted discipline by the Defendant for things that other younger, female, and/or non-disabled employees were not. For instance, Lockhart was disciplined by his supervisors, Miller and Graft, for allegedly augmenting loan documents while his coworker, Metta Sanders, who is both younger and female, signed off on these same documents and was not disciplined. Furthermore, neither Miller nor Graft (both approximately 20 years younger than Lockhart) were disciplined for their own errors and mistakes made in the loan approval process, including: signing off on the very same loan documents that subjected Lockhart to discipline.

15. On information and belief, Lockhart's supervisors, Miller and Graft, were never disciplined despite a history of rude, unprofessional, and harassing comments made to various subordinates, and which inappropriate conduct was reported and made known to the Defendant.

16. At all relevant times, Plaintiff's work performance met or exceeded the Defendant's expectations. In fact, Lockhart out-performed all of his similarly situated co-workers

in new loan and fee-revenue production. And, in each of the (4) years that Lockhart was evaluated by the Defendant, he nearly doubled and tripled his performance metrics.

17. On November 19, 2021, after maintaining the ongoing and discriminatory practice of subjecting Lockhart to unwarranted discipline, the Defendant terminated Lockhart's employment.

18. Defendant has taken an adverse employment actions against Lockhart (including his termination) because of his age, because of his sex, and/or because of his disability(s), record of disability(s), and/or Defendant's belief that Lockhart had a disability(s).

19. Any other reason given by the Defendant for its actions is pretext.

20. Defendant has accorded more favorable treatment to similarly-situated younger employees, and/or female employees, and/or non-disabled or regarded as disabled employees.

21. Defendant has violated Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, as amended, and the Age Discrimination in Employment Act.

22. Plaintiff has suffered damages as a result of the Defendant's unlawful conduct and requests that Defendant compensate him for said damages, including paying compensatory and punitive damages, as well as paying costs and attorney fees incurred in this matter.

## COUNT I

### TITLE VII – SEX DISCRIMINATION

23. Plaintiff hereby incorporates paragraphs 1-22 of his Complaint.

24. Defendant took adverse employment actions against Plaintiff due to his sex.

25. Other, similarly situated female employees were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions.

26. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

27. Plaintiff has been injured as a result of Defendant's unlawful actions.

## COUNT II

## DISABILITY DISCRIMINATION -ADA

28. Plaintiff hereby incorporates paragraphs 1-27 of his Complaint.

29. Defendant took adverse employment actions against Plaintiff due to his disability, record of a disability, and/or a perception of him being disabled.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

31. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT III

## AGE DISCRIMINATION-ADEA

32. Plaintiff hereby incorporates paragraphs 1-31 of his Complaint.

33. Defendant has accorded more favorable treatment to similarly-situated employees who are substantially younger than Plaintiff.

34. Defendant took adverse employment actions against Plaintiff due to his age.

35. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADEA.

36. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Jeffrey Lockhart, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

## DEMAND FOR JURY TRIAL

Plaintiff, Jeffrey Lockhart, by counsel, respectfully requests a jury trial for all issues deemed triable.

John H. Haskin (7576-49)
Chad M. Buell (20044-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com
Counsel for Plaintiff